UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA J. HIXON,<br><br>                         Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Commissioner of<br>Social Security,<br><br>                         Defendant. | Case No. 3:13-cv-05907 RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 5, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On January 5, 2011, plaintiff filed applications for disability insurance benefits and SSI benefits, alleging disability as of April 23, 2010, due to attention deficit hyperactivity disorder, learning disorder, and vision problems. See Administrative Record ("AR") 12, 178-90, 208. Both applications were denied upon initial administrative review and on reconsideration. See AR

REPORT AND RECOMMENDATION - 1

119-34. A hearing was held before an administrative law judge ("ALJ") on May 30, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert Heidi Trisler. See AR 29-70.

On August 29, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 9-28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 19, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On October 21, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3. The administrative record was filed with the Court on February 5, 2014. See Dkt. #15. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating the medical listings; (3) in determining plaintiff's severe impairments at step two; (4) in rejecting the lay witness evidence in the record; (5) in discounting plaintiff's credibility; and (6) in rejecting all GAF scores in the record. The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports"

REPORT AND RECOMMENDATION - 2

that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.   The ALJ's Evaluation of the Medical Evidence in the Record and The ALJ's Assessment of Plaintiff's Credibility

Plaintiff and defendant both agree that the ALJ committed reversible error in evaluating the medical opinions from Drs. Norris, Trowbridge, and Wingate, and in evaluating plaintiff's credibility. Dkt. #17, p. 2; Dkt. #22, pp. 3-4. However, while plaintiff argues that the claim should be remanded for payment of benefits, defendant argues the case should be remanded for further proceedings. Dkt. #17, p. 17; Dkt. #22, pp. 3-4.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, supra, 211 F.3d at 1178 (quoting Smolen, supra, 80 F.3d at 1292).

Here, outstanding issues must be resolved. Based on a review of the record, it is not clear to this Court that the ALJ would be required to accept all of the opined limitations from the improperly evaluated medical opinion evidence. Thus, these medical opinions must be reevaluated upon remand. Further, because the ALJ's credibility determination was based in large part on an evaluation of the medical evidence, plaintiff's credibility must also be evaluated

REPORT AND RECOMMENDATION - 4

anew. AR 17-19; See 20 C.F.R. § 404.1529(c). The ALJ noted inconsistencies between plaintiff's testimony and the medical evidence. AR 17-19. While defendant concedes that these inconsistencies, by themselves, were not sufficient to support the ALJ's conclusions in this case, these remain outstanding issues that should be addressed by the ALJ on remand.

Also, it is not clear from the record that the ALJ would be required to find plaintiff disabled if the improperly evaluated evidence were credited. Vocational expert testimony is needed to determine what effect, if any, the opined limitations would have on plaintiff's ability to perform work in the national economy. See Social Security Ruling ("SSR") 00-4p, 2000 SSR LEXIS 8. Because there are outstanding issues the ALJ needs to address, this matter should be remanded for further proceedings.

II.  The ALJ's Evaluation of the Medical Listings, Step Two Impairments, Lay Witness Evidence, and GAF scores

Plaintiff argues that the ALJ committed other reversible errors. Dkt. No 17, p. 2. On remand, the ALJ will hold a de novo hearing and acquire updated medical evidence to complete the record. As such, the ALJ should also reevaluate the medical listings, plaintiff's step two impairments, the lay witness evidence, and the GAF scores in the record in the context of the record as a whole.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and

REPORT AND RECOMMENDATION - 5

Recommendation to file written objections thereto. <u>See</u> <u>also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 5, 2014**, as noted in the caption.

DATED this 11th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6